■ ELGIN WEAVER, Respondent, v. HAROLD LOGAN, Appellant.— In a negligence action to recover damages for injury to person and property, defendant appeals: (1) from an order of the Supreme Court, Suffolk County, dated May 2, 1963, which denied his motion to dismiss the complaint for lack of prosecution on condition that plaintiff pay to defendant $10 costs of the motion; and (2) from an order of said court, dated July 11, 1963, which denied defendant's motion to resettle the prior order. Order of May 2, 1963 reversed, with $10 costs and disbursements; and motion to dismiss the complaint granted, without prejudice, however, to an application by plaintiff, if he be so advised, to vacate the order of dismissal upon proper papers. Appeal from order of July 11, 1963, denying resettlement, dismissed, without costs, as academic in view of our disposition of the order of May 2, 1963. Under the guidelines announced in *Keating* v. *Smith* (20 A D 2d 141), with respect to a plaintiff's burden in opposing a motion to dismiss for lack of prosecution, the defendant's motion must be granted. In opposition to the motion plaintiff made no attempt to demonstrate factually that his cause of action was a meritorious one. Moreover, in opposition to the motion the plaintiff submitted only the affidavit of his attorney, in which the attorney merely deposed that the delay of 31 months in prosecuting the action was due to his inadvertence; there was no recital of the attendant facts which might serve to explain the inadvertence. Such an

affidavit obviously does not satisfy the requirement for showing a reasonable excuse or justification for the delay. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.